ANSTEAD, Judge,
dissenting.
I would reverse the order of discharge of the personal representative, because I believe the trial court erred in striking the appellants’ objections to the personal representative’s proposed final accounting. The objections were stricken because the appellants, although obtaining a specific waiver and extension of time from the personal representative, failed to obtain a similar waiver from the appellee.[1] The appellants are heirs to the decedent’s estate and it is the improper distribution of estate assets to the appellee that constitute much of appellants’ objection to the personal representative’s management of the estate. The appellee was the second wife of the deceased. In contested proceedings during the course of the estate administration, the trial court held that her claim against the estate was limited to an amount set out in a prenuptial agreement.
Since the personal representative had the authority to withdraw the request for final accounting and to amend it or otherwise delay its approval or court action upon it, I believe the personal representative also had the authority to extend the time for filing objections. This is especially appropriate where the facts about the extension, and the appellants reliance upon it, are so clear.
In addition, to obtaining an extension of time for filing objections, the appellants filed and served both the personal representative and the appellee with two petitions for removal of the personal representative containing substantially the same grounds later set out in the objections. These petitions for removal were filed well in advance of the request for discharge, and remained pending and unresolved at the time the personal representative was discharged. These petitions clearly put the personal representative and appellee on formal notice of appellants’ objections. The appellants were entitled to have the petitions heard before the personal representative was discharged. This alone requires reversal of the order of discharge.
The law requires that estates be fairly and properly administered in accord with the law and the intent of the deceased. If the objections of the appellants are correct, a substantial injustice has been done here. In my view the ends of justice require a hearing on appellants’ objections, even though they may eventually prove to be invalid.

. The written waiver was in the form of a letter, and provided:
Dear Bob:
To confirm our understanding, your time limits for filing any pleadings directed to the Final Accounting or the Petition for Discharge shall begin to run as of the date of the deposition which was July 23, 1987.